UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:23-cr-409-SDM-SPF

GABRIEL GLADMAN

**UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the United States of America moves for a preliminary order of forfeiture for the following assets:

a. A Smith & Wesson, SD40, .40 caliber semi-automatic firearm (SN: SD40VE);

b. A Taurus G2 semi-automatic firearm (SN: ADL932489);

c. A Glock 26 semi-automatic firearm (SN: BVVL327);

d. A FMK 9C1 semi-automatic firearm (SN: BGB1048);

e. A Taurus G3 semi-automatic firearm (SN: ABD494999);

f. A Tara TM-9X semi-automatic firearm (SN: UA2974);

g. A Tara TM-9X semi-automatic firearm (SN: UA2996); and

h. A Taurus G3C semi-automatic firearm (SN: ABH797327).

In support of its motion, the United States submits the following.

# MEMORANDUM OF LAW

I. **Statement of Facts**

   A. **Allegations Against the Defendant**

   1.   The defendant was charged in an Indictment with false statements to a firearms dealer, in violation of 18 U.S.C. § 922(a)(6) (Counts One, Three, Five, Seven, Eight, Ten, Twelve, and Fourteen), and unlawful sale or transfer of a handgun to a juvenile, in violation of 18 U.S.C. § 922(x)(1) (Counts Two, Four, Six, Nine, Eleven, and Thirteen). Doc. 1.

   2.   The forfeiture allegations of the Indictment notified the defendant that, under the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the United States intended to forfeit the assets involved in or used in the violation charged in Counts One through Fourteen of the Indictment. *Id.* at 9.

   B. **Findings of Guilt**

   3.   On June 12, 2024, without the benefit of a plea agreement, the defendant pleaded guilty to Counts One through Fourteen. Docs. 36 and 40. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 41.

   4.   The United States' Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis (Doc. 35), describes the conduct underlying the charges in the Indictment and provides support for the forfeiture of the assets described above.

II. <u>**Applicable Law**</u>

    A. **Forfeiture Statute**

Pursuant to 18 U.S.C. § 924(d), the United States is authorized to forfeit "any firearm or ammunition involved in or used in any knowing violation" of any "criminal law of the United States." Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

    B. **Court's Determination of Forfeiture**

Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. Where the government seeks forfeiture of specific property, the Court must determine whether the government has established the requisite nexus between the property and the offenses of conviction. Fed. R. Crim. P. 32.2(b)(1)(A).

The defendant's conviction on Counts One through Fourteen and the Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis are sufficient to establish the nexus between the assets and the offenses of conviction.

III. <u>**Conclusion**</u>

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the Court

forfeit to the United States the asset identified above, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim. *See* Rule 32.2(c).

The United States further requests that the order of forfeiture become final as to the defendant at sentencing.

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

                                                Respectfully Submitted,

                                                ROGER B. HANDBERG
                                                United States Attorney

By:   *s/James A. Muench*
       JAMES A. MUENCH
       Assistant United States Attorney
       Florida Bar Number 472867
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       (813) 274-6000 – telephone
       E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                                *s/James A. Muench*
                                                JAMES A. MUENCH
                                                Assistant United States Attorney