UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:23-cr-409-SDM-SPF

GABRIEL GLADMAN

## UNITED STATES' SENTENCING MEMORANDUM AND REQUEST FOR UPWARD DEPARTURE

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby respectfully files this sentencing memorandum and request for upward departure in this case.

Defendant is scheduled for sentencing on Friday, September 13, 2024.   The Presentence Investigation Report (PSR) was disclosed on September 6, 2024.   After a review of the report and its guideline recommendations, the United States respectfully suggests that an upward departure is warranted to appropriately punish the defendant, deter him from future crimes and protect the community.

The United States has provided notice to defendant's counsel of its intent to seek this departure which it believes is appropriate.

## BACKGROUND OF CASE

Defendant was charged with 8 counts of providing false statements to a federally licensed firearms dealer in order to obtain 8 firearms (PSR, p. 1). Defendant was further charged with 6 counts of providing some of those firearms to juveniles (PSR, p. 1)

As is discussed thoroughly in the PSR, defendant became the target of an investigation by the Tampa Police Department (TPD) in May 2023.   Social media postings were discovered that indicated that defendant was providing firearms to other individuals (PSR, ¶ 18).   On July 17, 2023, a search warrant was obtained for one of defendant's social media accounts.   The searched revealed photos and videos of defendant and his associates displaying firearms in a reckless manner (PSR,  ¶19). It was determine that some of those individuals were juveniles.

On November 9, 2023, a federal grand jury returned a 14-count Indictment. Based on evidence that had been obtained by the Tampa Police Department and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the Indictment reflected that defendant had purchased 8 firearms by providing false statements to federally licensed firearm dealers in the Tampa area.   At least 6 guns were then transferred to juveniles. (PSR, ¶¶ 1-15).

On November 13, 2023, defendant was arrested at his residence in Akron, Ohio.   Defendant gave consent to search his bedroom. Officers then located two (2) firearms and 60 grams of fentanyl (PSR, ¶ 37).

On July 12, 2024, defendant plead guilty to all counts in the Indictment without a plea agreement.   This matter is now scheduled before the Court for a sentencing hearing on September 13, 2024.

## ADVISORY GUIDELNE SENTENCE

The United States does not have any objections to either the factual or guideline computations by the United States Probation Office.   The guidelines have

been correctly calculated.   Defendant is facing a possible advisory imprisonment sentence of 30 to 37 months' imprisonment (PSR, ¶ 84).

However, the United States believes that an upward departure of that sentence is appropriate.   The United States is recommending that the Court consider a four-level upward departure to a total offense level of 23 which provides for a guideline sentence of 46 to 57 months' imprisonment.   Defendant is facing a statutory maximum sentence of 10 years.   At a minimum, a sentence of 46 to 57 months' imprisonment is a more reasonable sentence in this case.   The United States is asking this Court to consider a sentence of 57 months.

18 U.S.C. § 3553(a) provides this Court with factors to consider during the imposition of sentence.   Once the Court has calculated the appropriate applicable guideline range, the Court will look to these factors in order to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes of the statute.

**Nature and Circumstances of Offense:**

Defendant was obtaining firearms through false statements to federal licensed firearm dealers.   Defendant was representing that he was purchasing these firearms for his own personal use, when in reality he was transferring these firearms to juveniles.   These juveniles were later discovered to have been involved in violent crimes in Hillsborough County.   The nature of defendant's actions cannot be underestimated.   Defendant was placing dangerous firearms in the hands of children that ultimately used these firearms to endanger the community.

3

**Seriousness of Offense, Respect for the Law, Just Punishment, Adequate Deterrence, Protection of the Community:**

A sentence of 30-37 months does not adequately reflect the seriousness of this offense.   Defendant lied to obtain the firearms, gave the firearms to juveniles, and then continued to do the same thing repeatedly.   This case did not involved only one instance where the defendant obtained a firearm by providing a false statement and then transferred it to a juvenile.   This was conduct that was repeated by the defendant in additional transfers with no respect for the law.

During the investigation it was determined that defendant had left for Ohio. After the Indictment was returned, officers from TPD and ATF travelled to Ohio to arrest him.   At the time of his arrest he was found in possession of additional firearms and narcotics, indicating his continued lack of respect for the laws of Ohio.

Defendant is facing a statutory maximum sentence of ten (10) years.   The United States believes that an upward variance of four (4) levels is appropriate.   This would provide a guideline imprisonment range of 46-57 months' imprisonment. The United States is asking the Court to consider the imposition of a sentence of 57 months as being sufficient but not greater than necessary to accomplish the goals of federal sentencing.

Defendant has not entered into any agreement with the United States as to a sentencing recommendation.   Defendant plead to the Indictment as charged.   The United States suggests that a sentence of 57 months is appropriate in this case, and that no mitigation is appropriate considering the seriousness of the offenses.

The United States would ask this Court for leave to provide additional arguments in support of this position at the time of the sentencing hearing.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    /s/ Maria Guzman
MARIA GUZMAN
Assistant United States Attorney
Florida Bar No. 053325
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: maria.guzman@usdoj.gov

**U.S. v. Gladman**                                   **Case No. 8:23-cr-409-SDM-SPF**

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Howard Anderson, Assistant Federal Defender

/s/ *Maria Guzman*
MARIA GUZMAN
Assistant United States Attorney
Florida Bar No. 053325
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: maria.guzman@usdoj.gov